**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| In Re: ) | **CASE NO. 22-10566-TWD** |
| ) | |
| ALICE LYNN HANIFY, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| ALICE LYNN HANIFY, ) | **ADVERSARY PROCEEDING NO.** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT FOR DAMAGES AND OTHER RELIEF |
| ) | |
| MERCHANTS CREDIT CORPORATION, ) | |
| JASON L. WOEHLER, MICHAEL S. ) | |
| O'MEARA and O'MEARA LAW OFFICE. P.S., ) | |
| ) | |
| Defendant. ) | |

COMES NOW Plaintiff ALICE LYNN HANIFY, by and through her attorney Richard L. Pope, Jr. and complains and alleges as follows:

**Parties**

1. Plaintiff ALICE LYNN HANIFY is a resident of King County, Washington.

2. Defendant MERCHANTS CREDIT CORPORATION ("Merchants Credit") is a Washington corporation with its principal place of business in King County, Washington.

3. Defendant JASON L. WOEHLER ("Woehler") is a resident of Washington believed to reside in King County, Washington.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF -- 1

4. Defendant MICHAEL S. O'MEARA is a resident of Washington believed to reside in Snohomish County, Washington.

5. Defendant O'MEARA LAW OFFICE. P.S. is a Washington professional service corporation with its principal place of business in Snohomish County, Washington. They are collectively referred to with MICHAEL S. O'MEARA as "O'Meara".

## Jurisdiction and Venue

6. This is an action to a counterclaim against a creditor who has filed a claim against the estate and also to determine the validity of the creditor's claim. Merchants Credit filed Claim # 11 against Debtor on May 27, 2022, alleging that Debtor owed $2,813.61. Debtor disputes the validity of that claim, requests it be disallowed in whole or in part, and is also counterclaiming for damages against Merchants and other responsible parties.

7. This action is therefore a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (C).

8. This court has jurisdiction to hear this complaint pursuant to 28 U.S.C. §§ 157(a) and (b)(1), and 28 U.S.C. § 1334(b), as this case arises under Title 11 U.S.C., or arising in or related to a case under Title 11 U.S.C.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1409(a), since the main bankruptcy case related to Plaintiff Welsh is pending in this court.

10. This matter has been referred to the Bankruptcy Judges of this district pursuant to Rule LCR 87(a) of the United States District Court for the Western District of Washington.

## Introduction

11. Plaintiff and/or her former husband Thomas J. Hanify "T.J. Hanify" incurred a number of medical bills, which were not paid. The providers of these medical bills referred them to Merchant Credit for collection purposes.

12. On December 17, 2019, Merchants Credit filed suit against Plaintiff and T.J. Hanify for collection of these medical debts in King County District Court No. 19-CIV-18881-KCW using attorney Woehler, seeking $1,480.66 principal, plus costs, interest and attorney fees.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF -- 2

13. Plaintiff and T.J. Hanify did not answer or appear in this lawsuit (which was served on T.J. Hanify on behalf of both). Merchants Credit, using attorney Woehler, filed a motion for default judgment on January 30, 2020.

14. Merchant Credit, using attorney Woehler, filed documents on January 30, 2020 supporting its claims against Plaintiff and T.J. Hanify. This proof of claim contained unredacted medical information concerning Plaintiff. The attempted redaction was incomplete. Anyone in the world is able to download the PDF of this document (King County District Court has a free internet based court records access system), remove the redaction, and view all the information.

15. Merchants Credit, using attorney Woehler, obtained a default judgment against Plaintiff and T.J. Hanify on February 27, 2020. The total judgment awarded was $2,135.08, which included an extra $654.42. This judgment bore interest at the rate of 9% per annum.

16. Washington Governor's Proclamation 20-49, related to the COVID-19 pandemic, eliminated all interest on consumer debt judgments from April 15, 2020 to June 1, 2021.

17. Attorney Woehler resigned in lieu of discipline effective September 1, 2020. Merchants Credit subsequently retained attorney O'Meara to represent it in the lawsuit.

18. On or about June 29, 2021, Merchants Credit, using attorney O'Meara, served a writ of garnishment on Bellevue School District, the employer of T.J. Hanify. The writ of garnishment commanded Bellevue School District to withhold over $5,000.00 from the pay of T.J. Hanify – far more than Merchants Credit was legally entitled to collect. The King County District Court rejected the writ and supporting declaration for filing due to formatting errors.

19. Subsequent to June 29, 2021, Merchants Credit, using attorney O'Meara, served a purportedly corrected writ of garnishment on Bellevue School District, the employer of T.J. Hanify. The writ of garnishment commanded Bellevue School District to withhold over $2,614.41 from the pay of T.J. Hanify – which was still considerably more than Merchants Credit was legally entitled to collect.

20. Merchants Credit and attorney O'Meara never filed or attempted to file the amended writ and supporting declaration, as required by RCW 6.27.060 and RCW 6.27.070.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF -- 3

21. Bellevue School District withheld $2,614.41 from the pay of T.J. Hanify and submitted a second answer to the writ of garnishment to this effect to Merchants Credit and attorney O'Meara on September 27, 2021. Legally, nothing should have been withheld from the pay of T.J. Hanify, as the writ and supporting declaration were never filed with the court.

22. On November 17, 2021, Merchants Credit, using attorney O'Meara, applied for a judgment and order to pay against Bellevue School District, seeking a turnover of the $2,614.41 withheld from the pay of T.J. Hanify. The King County District Court denied this request on November 20, 2021, since the writ and supporting declaration had never been filed.

23. Despite the rejection of this payment order, Merchants Credit and attorney O'Meara did not tell the Bellevue School District to release the garnished funds to T.J. Hanify.

24. Plaintiff and T.J. Hanify were divorced in King County Superior Court No. 20-3-03829-0 SEA. Since the medical bills at issue were community debt and the garnished funds were T.J. Hanify's separate property after marital separation, T.J. Hanify believed he should receive a judgment for half of the garnished funds against Plaintiff. Due to the understandable confusion created by multiple writs of garnishment (not to mention no evidence that T.J. Hanify was ever served with the $2,614.41 writ of garnishment), T.J. Hanify erroneously believed that well over $5,000.00 had been garnished from his pay. As a result, T.J. Hanify obtained a $2,837.30 judgment against Plaintiff on January 25, 2022, or half the amount believed garnished.

25. This improper $2,837.30 judgment caused Plaintiff considerable emotional and mental distress. Plaintiff also incurred considerable attorney fees and expenses in getting Merchants Credit to release to improperly garnished money to T.J. Hanify and to get the improper $2,837.30 judgment vacated. The judgment was finally vacated on April 26, 2022.

26. Plaintiff filed her bankruptcy petition on April 6, 2022. Merchants Credit and attorney O'Meara were advised of all the above improper actions by e-mail on April 12, 2022.

27. Despite having actual knowledge of the falsity of its claim, Merchants Credit filed an improper creditor claim (# 11) against Plaintiff on May 27, 2022. Merchants Credit sought not only the original $1,480.66 principal (apparently instead added up to $1,482.16), but also the

COMPLAINT FOR DAMAGES
AND OTHER RELIEF -- 4

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

$654.42 awarded for interest, costs, and attorney fees in the February 27, 2020 judgment. Merchants Credit also sought $415.51 in post-judgment interest, which was far more than could have possibly accrued at 9% per annum from February 27, 2020 to April 6, 2022, especially given the 13-1/2 interest suspension under Proclamation 20-49. In addition, Merchants Credit also sought $262.43 in garnishment costs, despite Washington law being very clear that no garnishment costs are owed unless judgment is granted on the garnishment (which it was not).

**The Collection Agency Act prohibits certain debt collection practices.**

28. "The business of debt collection affects the public interest, and debt collection agencies are subject to strict regulation to ensure they deal fairly and honestly with alleged debtors." Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 54 (2009).

29. The Washington Collection Agency Act ("CAA"), chapter 19.16 RCW, requires collection agencies to obtain a license, follow certain internal procedures, and adhere to a code of conduct. Gray v. Suttell & Assocs., 181 Wn.2d 239, 334 (2014).

30. The CAA prohibits a collection agency from communicating with a debtor through forms or instruments that simulate the form or appearance of judicial process. RCW 19.16.250(14).

31. The CAA prohibits a collection agency from threating to take legal action against a debtor that it cannot legally take at the time the threat is made. RCW 19.16.250(16).

32. The CAA prohibits a collection agency from collecting or attempting to collect, in addition to the principal amount of a claim, a sum other than allowable interest, collection costs, or handling fees expressly authorized by statute or contract with the debtor. RCW 19.16.250(21).

33. If a collection agency violates any provision of RCW 19.16.250, it forfeits the right to collect any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim. RCW 19.16.450.

34. A violation of the CAA is a per se unfair or deceptive act or practice occurring

COMPLAINT FOR DAMAGES
AND OTHER RELIEF -- 5

in trade or commerce under the Washington Consumer Protection Act ("CPA"), chapter 19.86 RCW. RCW 19.16.440.

**The Fair Debt Collection Practices Act prohibits certain debt collection practices.**

35. The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a et seq., prohibits a debt collector collecting debt incurred primarily for household or personal use from employing certain unfair debt collection practices.

36. The FDCPA prohibits a debt collector from making a false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

37. The FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

38. The FDCPA prohibits a debt collector from making any false representation or implication that documents are legal process. 15 U.S.C. § 1692e(13).

39. The FDCPA prohibits a debt collector from making any false representation or implication that documents are not legal process forms. 15 U.S.C. § 1692e(16).

40. The FDPCA prohibits a debt collector from the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692g(1).

**Defendant's debt collection practices.**

41. Merchants Credit, Woehler and O'Meara collect (or collected) debt in Washington for a multitude of entities, including medical providers. All Defendants qualify as debt collectors under the FDCPA. In addition, Merchants Credit is a Washington collection agency licensed under the CAA. Woehler and O'Meara are (or were) attorneys for Merchants Credit who jointly engaged in these debt collection practices with Merchants Credit.

42. Defendants are believed to regularly engage in the practices of charging excessive interest on claims and judgments, not properly filing writs of garnishment and applications, asking for bogus amounts on garnishments, and collecting garnishment costs never awarded.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF -- 6

# FIRST CLAIM FOR RELIEF
# WASHINGTON'S CONSUMER PROTECTION ACT
# (PER SE VIOLATION)

43. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

44. Merchants Credit is a licensed Washington collection agency and is a "collection agency" and "licensee" for purposes of the CAA.

45. The debts allegedly owed by Plaintiff is a "claim" as defined by RCW 19.16.100(2) because they are "obligation[s] for the payment of money or thing of value arising out of any agreement or contract, express or implied."

46. Plaintiff is a "debtor" as defined by RCW 19.16.100(7) because Merchants Credit alleges Plaintiff owes a "claim."

47. The CAA prohibits a collection agency from communicating with a debtor through forms or instruments that simulate the form or appearance of judicial process. RCW 19.16.250(14). This was violated by the bogus and unfiled writs of garnishment in this case.

48. The CAA prohibits a collection agency from threating to take legal action against a debtor that it cannot legally take at the time the threat is made. RCW 19.16.250(16).

49. Merchants Credit took actions it could not legally take when it issued bogus writs of garnishment for excessive amounts of money, did not file them, and did not release the funds.

50. The CAA prohibits a collection agency from collecting or attempting to collect, in addition to the principal amount of a claim, a sum other than allowable interest, collection costs, or handling fees expressly authorized by statute or contract with the debtor. RCW 19.16.250(21).

51. Merchants Credit attempted to collect amounts not legally allowed by charging excessive interest on the debt, both pre-judgment and post-judgment, garnishment costs it was not entitled to collect, and by garnishing for a far larger amount than it was legally entitled..

52. A violation of the CAA is a per se unfair or deceptive act or practice occurring in trade or commerce under the Washington Consumer Protection Act ("CPA"), chapter 19.86

COMPLAINT FOR DAMAGES
AND OTHER RELIEF -- 7

RCW. RCW 19.16.440.

53. Merchants Credit's unfair and deceptive acts and practices repeatedly occurred in Merchants Credit's trade or business and were capable of deceiving a substantial portion of the public and, indeed, have apparently injured Washington residents other than Plaintiff.

54. When a collection agency violates any provision of RCW 19.16.250, it forfeits the right to collect any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim. RCW 19.16.450.

55. As a result of Merchants Credit's violations of the CAA, Plaintiff is entitled to recover have the judgment against herself and T.J. Hanify reduced to the original principal only (about $1,480.66) and have all interest, costs and attorney fees completely elimination.

56. All of Merchants Credit's debt collection activity, including acts its takes in litigation against consumers, occurs in trade or commerce. RCW 19.16.440; Evergreen Collectors v.Holt, 60 Wn. App. 151, 155–56 (1991).

57. Merchants Credit's unfair acts or practices injured people other than Plaintiff and are capable of injuring a substantial portion of the public.

58. The Washington Supreme Court has recognized the public policy significance of regulating the debt collection industry and has specifically found that the business of debt collection affects the public interest, and collection agencies are subject to strict regulation to ensure they deal fairly and honestly with alleged debtors.

59 Merchants Credit's general course of conduct as alleged herein is injurious to the public interest and the acts complained of herein are ongoing and have a substantial likelihood of being repeated.

60. As a direct and proximate result of Merchants Credit's unfair acts and practices, Plaintiff suffered injury in fact and lost money.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF -- 8

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

61. Plaintiff is therefore entitled to an order enjoining the conduct complained of herein, including an injunction prohibiting Merchants Credit from attempting to collect more than principal of the original debt owed, both in this case and in all similar situations.

62. Plaintiff is also entitled to equitable relief as the Court deems appropriate, including, but not limited to, disgorgement, of all or part of the ill-gotten profits Defendants received from their unfair scheme.

63. Merchants Credit's unfair and deceptive acts and practices are the direct and proximate cause of injuries to Plaintiffs. Plaintiffs is entitled to recover actual damages, treble damages, attorneys' fees, and costs pursuant to RCW 19.86.090.

64. Merchants Credit's wrongdoing is continuing in nature and represents an ongoing threat to Plaintiff.

65. Other persons remain generally unaware that Merchants Credit has engaged in unlawful collection practices of the nature complained of herein.

66. Plaintiff will suffer continuing, immediate, and irreparable injury absent the issuance of injunctive and equitable relief.

67. Plaintiff has no complete, speedy, and adequate remedy at law with respect to Defendants' continuing misconduct.

68. Preliminary and final injunctive relief is necessary to prevent further injury to Plaintiff. Injunctive relief should likewise be granted against O'Meara.

**SECOND CLAIM FOR RELIEF**
**WASHINGTON'S CONSUMER PROTECTION ACT**
**RCW 19.86 et seq.**

69 Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

70. Merchants Credit's debt collection practices as described above are deceptive and unfair. Merchants Credit's deceptive and unfair conduct includes but is not limited to the acts described herein. In addition, publicly filing confidential medical information about Plaintiff which was not properly redacted also constitutes deceptive and unfair conduct.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF -- 9

71. All of Merchants Credit's debt collection activity, including acts it takes in litigation against consumers, occurs in trade or commerce. RCW 19.16.440; Evergreen Collectors v.Holt, 60 Wn. App. 151, 155–56 (1991).

72. Merchants Credit's unfair acts or practices injured people other than Plaintiff and are capable of injuring a substantial portion of the public.

73. The Washington Supreme Court has recognized the public policy significance of regulating the debt collection industry and has specifically found that the business of debt collection affects the public interest, and collection agencies are subject to strict regulation to ensure they deal fairly and honestly with alleged debtors.

74. Merchants Credit's general course of conduct as alleged herein is injurious to the public interest and the acts complained of herein are ongoing and have a substantial likelihood of being repeated.

75. As a direct and proximate result of Merchants Credit's unfair acts and practices, Plaintiff suffered injury in fact and lost money.

76. Plaintiff is therefore entitled to an order enjoining the conduct complained of herein, including an injunction prohibiting Merchants Credit from attempting to collect more than principal of the original debt owed, both in this case and in all similar situations.

77. Plaintiff is also entitled to equitable relief as the Court deems appropriate, including, but not limited to, disgorgement, of all or part of the ill-gotten profits Defendants received from its unfair scheme.

78. Merchants Credit's unfair and deceptive acts and practices are the direct and proximate cause of injuries to Plaintiff. Plaintiff is entitled to recover actual damages, treble damages, attorneys' fees, and costs pursuant to RCW 19.86.090.

79. Merchants Credit's wrongdoing is continuing in nature and represents an ongoing threat to Plaintiff.

80. Other persons remain generally unaware that Merchants Credit has engaged in unlawful collection practices of the nature complained of herein.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF -- 10

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

81. Plaintiff will suffer continuing, immediate, and irreparable injury absent the issuance of injunctive and equitable relief.

82. Plaintiff has no complete, speedy, and adequate remedy at law with respect to Defendants' continuing misconduct.

83. Preliminary and final injunctive relief is necessary to prevent further injury to Plaintiff. Injunctive relief should likewise be granted against O'Meara.

### THIRD CLAIM FOR RELIEF
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

84. Plaintiff re-alleges and incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

85. Defendants' violations of the FDCPA include, but are not limited to, the following.

86. The FDCPA prohibits a debt collector from making a false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

87. The FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

88. The FDCPA prohibits a debt collector from making any false representation or implication that documents are not legal process forms. 15 U.S.C. § 1692e(16).

89. The FDPCA prohibits a debt collector from the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692g(1).

90. All of the above described methods of debt collection (including those described in other sections) are unfair or unconscionable, in violation of 15 U.S.C. § 1692f.

91. Defendants O'Meara (both the individual attorneys and his law firm corporation) are also debt collectors under the FDCPA and liable for these same actions in their various legal representations and dealings on behalf of Merchants Credit.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF -- 11

92. As a result of each of Defendants' violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 against each Defendant debt collector. Plaintiff is also entitled to actual damages under 15 U.S.C. § 1692k(a)(1) and to reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3).

93. No FDCPA damages are sought for acts barred by the one year statute of limitations, which means *inter alia* that these do not apply to Woehler.

94. FDPCA damages are also not sought for the bogus filing of the bankruptcy claim (although this remains actionable under Washington law, including CAA and CPA).

## FOURTH CLAIM FOR RELIEF
## INVASION OF COMMON LAW AND STATUTORY PRIVACY

95. The actions of Merchants Credit and attorney Woehler in publicly filing confidential medical information about Plaintiff which was not properly redacted violated Plaintiff's right to privacy under the common law, and also HIPAA and Chapter RCW 70.02.

96. These violations of privacy rights have caused Plaintiff considerable damages, including past and ongoing emotional distress, mental anguish, and loss of personal dignity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1. For injunctive and declaratory relief prohibiting Defendants from continued violations of the Washington CAA, Washington CPA, or federal FDCPA.

2. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff;

3. For an award of statutory damages of $1,000.00 to Plaintiff against each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiffs;

5. For an award to the Plaintiff of actual damages, treble damages, costs and attorneys' fees under RCW 19.86.090;

COMPLAINT FOR DAMAGES
AND OTHER RELIEF -- 12

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington 98008**
**Telephone: (425) 829-5305**
**E-mail: rp98007@gmail.com**

6. For declaratory and injunctive relief eliminating all interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtors (other than solely original principal) from all claims and judgments obtained by Merchant Credit, with respect to Plaintiff and for all other persons whom Merchants Credit has violated any provision of RCW 19.16.250, pursuant to RCW 19.16.450.

7. For appropriate damages for violations of Plaintiff's rights to privacy.

8. For such other and further relief as may be just and equitable.

RESPECTFULLY SUBMITTED this 27th day of June 2022.

/s/ Richard L. Pope, Jr.
RICHARD L. POPE, JR.
WSBA # 21118
Attorney for Plaintiff

Lake Hills Legal Services, P.C.
15600 N.E. 8th Street, Suite B1-358
Bellevue, Washington 98008
Tel: (425) 829-5305
Fax: (425) 526-5714

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I caused the above document to be delivered through electronic court filing (ECF) to:

**Richard L Pope, Jr on behalf of Debtor Alice Lynn Hanify**
**rp98007@gmail.com**

**United States Trustee**
**USTPRegion18.SE.ECF@usdoj.gov**

**Jason Wilson-Aguilar**
**courtmail@seattlech13.com**

**Ronald G. Brown**
**rgblaw@nwlink.com , rgbrown@ecf.axosfs.com**

DATED: June 27, 2022.

/s/ Richard L. Pope, Jr.
RICHARD L. POPE, JR.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF -- 13

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington 98008**
**Telephone: (425) 829-5305**
**E-mail: rp98007@gmail.com**